The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 9 November 1993, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. Aetna Life and Casualty Company was the workers' compensation insurance carrier on the risk.
4. Plaintiff's average weekly wage was $457.60, which yields a compensation rate of $305.04.
5. On 9 November 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he bent over and attempted to lift a case of liquor from the floor.
6. Plaintiff's responses to defendants' interrogatories and request for production of documents, marked as Stipulated Exhibit Number Two, are admitted into evidence.
7. A set of plaintiff's time records from defendant-employer, marked as Stipulated Exhibit Number Three, is admitted into evidence.
8. Plaintiff's medical records from Dr. Stephen Moore, III, Piedmont Medical Associates, Wayne Gray, M.S., P.T., The Bone and Joint Surgery Clinic and Wake Radiology Diagnostic Imaging, Inc., are admitted into evidence.
EVIDENTIARY RULINGS
The objections appearing in the depositions of Dr. Moore and Dr. Venters are OVERRULED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was forty-two years old. He graduated from Elon College where he received a Bachelor of Arts degree in history. After college, plaintiff worked as a ticket agent and baggage handler for a passenger bus company. Plaintiff began his employment with defendant-employer in November, 1986. Plaintiff had not been employed in a position where he utilized his history degree.
2. The duties of plaintiff's position with defendant-employer were to unload trucks, stock shelves, take inventory and serve customers. Defendant-employer received liquor deliveries approximately once every three weeks. The liquor was delivered in cases that filled one-half of a tractor trailer container. Each case of liquor weighed between thirty and fifty pounds.
3. On 9 November 1993, plaintiff was lifting a case of liquor when he felt a "pop" or "twinge" in his back. Plaintiff had no pain at the time of the lifting incident, but his back stiffened as the day progressed.
4. The following day, plaintiff had left-sided, lower back pain. He presented to Piedmont Medical Associates where he was prescribed muscle relaxant and anti-inflammatory medications. Plaintiff was excused from work through 23 November 1993, when Dr. King released plaintiff to return to light duty work. While restricted to light duty, plaintiff worked as a cashier. During this time, plaintiff's condition improved, with only slight exacerbation from work. While on light duty, plaintiff experienced no leg numbness.
5. Shortly before Christmas 1993, during defendant-employer's busiest time of year, plaintiff returned to regular duty. Upon returning to regular duty, plaintiff occasionally experienced a tingling sensation in his left leg. By January 1994, plaintiff had constant leg pain and numbness. His back pain was occasional and slight.
6. Plaintiff continued working for defendant-employer, without absences, through 16 September 1994. However, during this time plaintiff's pain progressed and he frequently complained to co-workers about his condition. In addition, his ability to perform his regular duties was restricted. Plaintiff did not return to work for defendant-employer after 16 September 1994.
7. When plaintiff awoke on 18 September 1994, his back and leg pain was severe and he had difficulty moving. On 19 September 1994, he presented to Dr. Moore complaining of back pain radiating into his left leg. Plaintiff related the initiation of his symptoms to the incident on 9 November 1993. Plaintiff's back and leg pain was caused by a moderately large disc herniation at L4-L5. Plaintiff's herniated disc resulted from the lifting incident on 9 November 1993.
8. On 2 November 1994, plaintiff began receiving physical therapy from Wayne Gray as prescribed by Dr. Moore. Plaintiff continued receiving physical therapy through January 1995.
9. On 1 April 1995, plaintiff returned to work as a data entry clerk for another employer. Plaintiff's data entry position was sedentary employment and he was allowed to takes periodic breaks to stand and stretch. On 1 April 1995, plaintiff retained the capacity to earn an average weekly wage of $81.25.
10. Prior to obtaining his data entry position, plaintiff made reasonable efforts to obtain employment suitable to his physical capabilities.
11. As a result of his injury on 9 November 1993, plaintiff was incapable of earning wages from defendant-employer or any other employer from 17 September 1994 through 31 March 1995.
12. As a result of his injury on 10 November 1993, plaintiff's wage earning capacity was diminished by $376.35 per week from 1 April 1995 and continuing through the date of the hearing in this matter.
13. Plaintiff has not reached maximum medical improvement.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 9 November 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to payment of temporary total disability compensation at the rate of $305.04 per week from 17 September 1994 through 31 March 1995. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment of temporary partial disability compensation at the rate $250.91 per week and continuing for 300 hundred weeks from 9 November 1993, less the number of weeks for which plaintiff received temporary total disability compensation. N.C. Gen. Stat. § 97-30.
4. Plaintiff is entitled to payment of all medical expenses incurred as a result of his injury on 9 November 1993 for so long a such evaluations, examinations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at the rate of $305.04 per week from 17 September 1994 through 31 March 1995. This amount shall be paid in a lump sum, subject to the fee approved for plaintiff's attorney in paragraph 4.
2. Defendants shall pay plaintiff temporary partial disability compensation at the rate $250.91 per week and continuing for 300 hundred weeks from 9 November 1993, less the number of weeks for which plaintiff received temporary total disability compensation. To the extent that this amount has accrued, it shall be paid in a lump sum, subject to the fee approved for plaintiff's attorney in paragraph 4.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of his injury on 9 November 1993 for so long a such evaluations, examinations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff in paragraphs 1 and 2 of this Award is approved for plaintiff's attorney and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that amount and paid directly to plaintiff's attorney. Thereafter, plaintiff's attorney shall receive every fourth compensation check due to plaintiff.
5. Defendants shall pay the costs, including expert witness fees of $155.00 and $235.00 to Dr. Moore and Dr. Venters, respectively.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER
DCS/bjp